Michael M. Yi
Naephil (Naf) Kwun
Lee Anav Chung White & Kim LLP
156 Fifth Avenue, Suite 303
New York, New York 10010
*Telephone:* (212) 271-0664
*Facsimile:* (212) 271-0665

*Attorneys for Plaintiffs*
*Red Mango, LLC and*
*Red Mango FC, LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
RED MANGO, LLC
and RED MANGO FC, LLC,

                      Plaintiffs,

   v.

MANGO MERRICK LLC,

                      Defendant.
-------------------------------------------------------------X

ECF CASE

2:15-cv-2238

**COMPLAINT**

Plaintiffs Red Mango, LLC and Red Mango FC, LLC (together, "Red Mango"), by their undersigned attorneys, as and for their Complaint against defendant Mango Merrick LLC ("Defendant"), allege as follows:

## NATURE OF THE ACTION

1.     Red Mango brings this trademark infringement action, pursuant to 15 U.S.C. § 1051, *et seq.* (the "Lanham Act"), against a former franchisee for its continued *unauthorized* use of the Registered Marks (defined below), seeking injunctive relief and damages resulting from such intentional and willful infringement.

## THE PARTIES

2.     Plaintiff Red Mango, LLC is a limited liability company organized and existing

under the laws of the State of Texas, with its principal office at 2811 McKinney Avenue, Suite 354, Dallas, Texas 75204.

3.      Plaintiff Red Mango FC, LLC ("Red Mango FC") is a limited liability company organized and existing under the laws of the State of Texas, with its principal office at 2811 McKinney Avenue, Suite 354, Dallas, Texas 75204.

4.      Upon information and belief, defendant Mango Merrick LLC is a limited liability company organized and existing under the laws of the State of New York, with its principal office at 2097 Merrick Road, Merrick, New York 11566.

## JURISDICTION AND VENUE

5.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1338(b) and 15 U.S.C. § 1121.

6.      This Court has personal jurisdiction over Defendant pursuant to Section 301 of New York's Civil Practice Law and Rules.

7.      Venue is proper within this district pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2), in that Defendant has its principal office/place of business in the State of New York, and a substantial part of the events giving rise to Red Mango's claims occurred and are occurring in this district.

## BACKGROUND

**Red Mango**

8.      Red Mango FC is one of the largest retail frozen yogurt franchisors in the United States.

9.      Red Mango FC is licensed to use and sublicense the use of a distinctive system relating to the establishment and operation of upscale retail frozen yogurt stores that offer

2

authentic non-fat and low-fat frozen yogurt served with fresh fruit, nuts and other toppings, yogurt-based drinks and fruit smoothies, probiotic drinks, yogurt-related food items and related products and services to health-conscious consumers for dine-in consumption and take-out service (the "System").

**Red Mango's Proprietary and Registered Marks**

10. Red Mango FC has the exclusive right to sublicense the use of various trademarks, trade names, service marks, logos, emblems, indicia of origin and derivations thereof (the "Proprietary Marks"), as well as the System, which is identified by means of the Proprietary Marks and such other trade names, service marks, and trademarks designated by Red Mango FC for use in connection therewith.

11. The Proprietary Marks include certain registered trademarks, trade names and service marks, which are on the principal register of the United States Patent and Trademark Office (the "USPTO") (the "Registered Marks"). (A list of the Registered Marks, with the corresponding USPTO registration numbers, is annexed hereto as *Exhibit 1*.)[1]

12. The distinguishing characteristics of the System include products, recipes and menu items which incorporate Red Mango's trade secrets and proprietary information, distinctive exterior and interior design, décor, color scheme, fixtures, and furnishings; standards and specifications for products and supplies; service standards; uniform standards, specifications and procedures for operations; procedures for inventory and management control; training and assistance; and advertising and promotional programs.

13. Red Mango has continuously used each of the Registered Marks since the date of their registration, and they are in full force and effect pursuant to 15 U.S.C. § 1065.

---

[1] Plaintiff Red Mango, LLC, as the successor-in-interest to Red Mango, Inc., is the owner and registrant of the Registered Marks.

14. Red Mango has given notice to the public of the registration of the Registered Marks pursuant to 15 U.S.C. § 1111.

15. Red Mango has invested substantial money and effort to develop goodwill in the Proprietary Marks (including the Registered Marks) to cause consumers throughout the United States and abroad to recognize them as distinctly designating Red Mango® high-quality goods and services as originating with Red Mango.

16. The value of the goodwill developed in the Registered Marks is substantial.

**Defendant and the Franchise Agreement**

17. In January, 2011, Red Mango FC and Defendant entered into a Franchise Agreement, made effective as of January 11, 2011 (the "Franchise Agreement"), pursuant to which Red Mango FC granted to Defendant the right to, *inter alia*:  (a) use the Proprietary Marks (including the Registered Marks) and the System solely in connection with the sale of authorized products at store number 215, located at 2097 Merrick Road, Merrick, New York (the "Store"); and (b) use the Proprietary Marks (including the Registered Marks) to advertise and promote the Store.

**Events of Default**

18. Defendant has failed to pay the royalty fees, brand development fund contribution fees, gift card sales and charges and all other charges and fees due to Red Mango FC under the Franchise Agreement, from in or about July, 2014 until the present.  By reason of the foregoing, Defendant has been in default under the Franchise Agreement since in or about July, 2014.

19. By letter dated December 17, 2014 (the "First Notice of Default"), Red Mango FC notified Defendant of its default under the Franchise Agreement and demanded payment in full of all amounts due.  (A true and correct copy of the First Notice of Default is annexed hereto

4

as *Exhibit 2*.)

20. By letter dated January 12, 2015 (the "Second Notice of Default"), Red Mango FC notified Defendant of its continuing default under the Franchise Agreement and demanded payment in full of all amounts due. (A true and correct copy of the Second Notice of Default is annexed hereto as *Exhibit 3*.)

21. Despite such notices, Defendant failed to cure the payment defaults.

22. Thereafter, in March, 2015, Red Mango also learned that Defendant has been offering and selling *unauthorized* products at the Store – including frozen yogurt that is *not* proprietary yogurt purchased from Red Mango's authorized distributor – while continuing to use the Proprietary Marks (including the Registered Marks), in willful violation of the terms of the Franchise Agreement.

**Termination of the Franchise Agreement**

23. By letter dated March 25, 2015 (the "Notice of Termination"), Red Mango FC terminated the Franchise Agreement, and demanded, *inter alia*, that Defendant "immediately and permanently cease use of all Proprietary Marks, Copyrighted Works, and Confidential Information." (A true and correct copy of the Notice of Termination is annexed hereto as *Exhibit 4*.)

24. The Notice of Termination provides, *in no uncertain terms*:

> In the event you continue to operate or subsequently begin to operate any other business at the location above, you will not use any reproduction, counterfeit copy, or colorable imitation of the Proprietary Marks, either in connection with such other business or the promotion thereof, which, in Red Mango's sole discretion, is likely to cause confusion, mistake, or deception, or which, in Red Mango's sole discretion, is likely to dilute [Red] Mango's rights in and to the Proprietary Marks, and you will not utilize any designation of origin or description or representation which, in [Red] Mango's sole discretion, falsely suggests or represents an

5

      association or connection with [Red] Mango constituting unfair competition.

25. Despite such notice, Defendant has continued to operate the Store as a Red Mango® store, and has continued to use the Proprietary Marks (including the Registered Marks) in connection with such operation.

**The Cease-and-Desist Letter**

26. By letter dated April 8, 2015 (the "Cease-and-Desist Letter"), Red Mango, through counsel, demanded that Defendant "immediately cease and desist from all use and exploitation of the Proprietary Marks (including, without limitation, all sales, distribution, promotion, publication, printing, advertisement and/or marketing of any materials or products bearing any of the Proprietary Marks)". (A true and correct copy of the Cease-and-Desist Letter is annexed hereto as *Exhibit* 5.)

27. Nonetheless, Defendant has failed to respond to the Cease-and-Desist Letter, and, upon information and belief, continues to operate the Store as a Red Mango® store, and continues to infringe on the Proprietary Marks (including the Registered Marks) in connection with such operation.

**FIRST CLAIM FOR RELIEF**
**(Trademark Infringement)**

28. Red Mango repeats and re-alleges the allegations in paragraphs 1 through 27 of the Complaint with the same force and effect as if fully set forth herein.

29. The Registered Marks, as used by Red Mango in connection with the provision of goods and services, are famous and distinctive and have been associated with Red Mango so as to exclusively identify Red Mango's businesses, products and services.

30. Defendant's unauthorized use in commerce of the Registered Marks following the termination of the Franchise Agreement has caused and is likely to continue to cause confusion or mistake and to deceive consumers as to the goods and services sold at the Store.

31. Defendant's actions constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, with resulting damage to Red Mango and its extensive business and goodwill symbolized by the Registered Marks.

32. Defendant's acts of trademark infringement have caused and are causing irreparable injury to Red Mango and its extensive business and goodwill symbolized by the Registered Marks, leaving Red Mango with no adequate remedy for such injury at law.

33. No previous injunctive relief has been awarded with respect to this matter in this case or any other case.

34. Defendant's actions have been and continue to be deliberate, willful and wanton, thereby making this an exceptional case pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(a).

35. By reason of the foregoing, in addition to injunctive relief, Red Mango is entitled to an award of compensatory and treble damages, Defendant's profits, costs and attorneys' fees.

**SECOND CLAIM FOR RELIEF**
**(Unfair Competition, False Designation of Origin,**
**and False or Misleading Descriptions and Representations of Fact)**

36. Red Mango repeats and re-alleges the allegations in paragraphs 1 through 35 of the Complaint with the same force and effect as if fully set forth herein.

37. The Registered Marks, as used by Red Mango in connection with the provision of goods and services, are famous and distinctive and have been associated with Red Mango so as to exclusively identify Red Mango's businesses, products and services.

38. Because of Defendant's unauthorized and wrongful use of the Registered Marks following the termination of the Franchise Agreement, Defendant is likely to cause confusion, mistake and/or deception as to the affiliation, connection, or association of Defendant with Red Mango, or as to the origin, sponsorship, or approval by Red Mango of Defendant's goods, services or commercial activities.

39. Defendant's actions constitute unfair competition, false designation of origin, and false or misleading descriptions and representations of fact, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

40. Defendant's actions have caused and are causing irreparable injury to Red Mango and its extensive business and goodwill symbolized by the Registered Marks, leaving Red Mango with no adequate remedy for such injury at law.

41. No previous injunctive relief has been awarded with respect to this matter in this case or any other case.

42. By reason of the foregoing, in addition to injunctive relief, Red Mango is entitled to an award of compensatory and treble damages, Defendant's profits, costs and attorneys' fees.

WHEREFORE, plaintiffs Red Mango, LLC and Red Mango FC, LLC demand judgment:

    a. Permanently enjoining and restraining Defendant, its officers, agents, servants, employees, successors or assigns, and all persons or entities acting in concert or participation with it, them or any of them, pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116, from the following:

        i. any unauthorized use of the Registered Marks, or any colorable imitation thereof; and

        ii.        any false or misleading description of fact, or false or misleading representation of fact, or other fact of unfair competition, which is likely to cause confusion, or to cause mistake, or to deceive as to the existence or nature of an affiliation, connection or association between Defendant and Red Mango as to the origin, sponsorship, endorsement, authorization or approval by Red Mango of Defendant's goods, services or commercial activities (the "Injunction").

    b.    Ordering Defendant, pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116, to file with the Court and serve on Red Mango within thirty (30) days after entry of the Injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the Injunction;

    c.    Ordering Defendant to render an accounting to ascertain the total amount of any and all profits derived by Defendant as a result of its unlawful and unauthorized use, exploitation and infringement of the Registered Marks;

    d.    Ordering Defendant, pursuant Section 36 of the Lanham Act, 15 U.S.C. § 1118, to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles and advertisements, in the possession, custody or under the control of Defendant, bearing any of the Registered Marks;

    e.    Awarding to Red Mango compensatory damages in an amount to be determined, including, without limitation, Defendant's profits attributable to its infringement of the Registered Marks and costs, together with any and all other remedies to which Red Mango may be entitled under the Lanham Act;

    f. Declaring this to be an exceptional case and awarding to Red Mango treble damages and its reasonable attorneys' fees incurred and to be incurred by Red Mango in connection with this action; and

    g. Awarding such other relief as the Court may deem just, proper and equitable.

Dated: April 20, 2015

            LEE ANAV CHUNG WHITE & KIM LLP

            By: /s/Michael M. Yi
               Michael M. Yi

            156 Fifth Avenue, Suite 303
            New York, New York 10010
            (212) 271-0664

            *Attorneys for Plaintiffs*
            *Red Mango, LLC and*
            *Red Mango FC, LLC*